# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA MAGIN,

    Appellant,

    v.

DEPARTMENT OF VETERANS
 AFFAIRS,

    Agency.

DOCKET NUMBER
NY-1221-15-0069-W-1

DATE: December 2, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>James E. Carney</u>, Buffalo, New York, for the appellant.

<u>Sheila Q. Weimer</u>, Esquire, Buffalo, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1  The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant was a Medical Supply Technician at an agency medical center in Buffalo, New York, working in the Sterile Processing Service (SPS) department. Initial Appeal File (IAF), Tab 18 at 15, Tab 56, Initial Decision (ID) at 4. She alleged that, beginning in 2010, she reported to her managers that some of her coworkers were not performing their work, and that medical equipment was not being properly cleaned and maintained. *E.g.*, IAF, Tab 3 at 5, Tab 11 at 6, Tab 36, Subtab C. According to the appellant, her coworkers retaliated against her for making these reports by leaving her to work alone. IAF, Tab 11 at 6. She further alleged that in November 2011, one coworker hit her with his shoulder, and in January 2012, another coworker swore at her during a workplace dispute. IAF, Tab 36, Subtab C at 6-7. She stopped reporting to work 3 days after the latter incident, citing work-related depression, anxiety, and panic disorder. ID at 6; IAF, Tab 18 at 43-46, 53, 56-67.

¶3     Over the following months, the appellant requested a reasonable accommodation and filed a claim for workers compensation benefits, both of which were denied. ID at 6-7; IAF, Tab 18 at 41. She also filed equal employment opportunity complaints, which appear to have challenged the denial of her accommodation request and alleged racial harassment and discrimination by her managers and coworkers. IAF, Tab 18 at 26, 27-29.

¶4     During the appellant's absence, the agency appointed a new director of the medical center. ID at 6. The new director reassigned and replaced the appellant's former supervisor and manager. ID at 7. The appellant's new acting manager proposed the appellant's removal in January 2013 for excessive absence. IAF, Tab 18 at 33-34. The director sustained the charge and removed the appellant, effective March 2013. *Id.* at 22-23.

¶5      Following her removal, the appellant filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC).[2]  IAF, Tab 3 at 11-15.  After closing its case, OSC notified the appellant of her Board appeal rights.  IAF, Tab 3 at 5, Tab 11 at 4-7.  This IRA appeal followed.  IAF, Tab 1.

¶6      The administrative judge held the appellant's requested hearing and issued an initial decision, granting corrective action.  ID at 2.  The agency has filed a petition for review.  Petition for Review (PFR) File, Tabs 1-2.  The appellant has filed a response.[3]  PFR File, Tab 5.  The agency has replied.  PFR File, Tab 4.

The administrative judge must make new jurisdictional findings, specifically identifying the disclosures and personnel actions that are properly before the Board.

¶7      The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[4]  5 U.S.C. §§ 1214(a)(3), 1221(e)(1).  The Board has recently

---

[2] In its decision to remove the appellant, the agency provided notice that she could file an adverse action appeal with the Board or a whistleblower complaint with OSC, and the preclusive effect of her choice.  IAF, Tab 18 at 22-23.  The appellant elected to file a complaint with OSC.  IAF, Tab 3 at 11-15.

[3] In addition to her response to the agency's petition for review, the appellant filed a motion for consequential and other damages.  PFR File, Tab 9.  The agency has responded to that motion.  PFR File, Tabs 6, 8.  In light of our disposition, we will not address these matters at this time.

[4] As detailed above, this case involves alleged disclosures that occurred prior to the effective date of the Whistleblower Enhancement Protection Act of 2012 (WPEA), and alleged personnel actions that occurred both before and after that date.  *See* WPEA, Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476 (indicating that the WPEA would take effect 30 days after its enactment date of November 27, 2012).  The Board has held that, when the appellant's protected disclosure or activity occurred before, but the relevant personnel actions occurred after the December 27, 2012 effective date of the WPEA, the WPEA should be applied because the agency knew of the parties' rights,

clarified the substantive requirements of exhaustion. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Id.*

¶8 Although the appellant submitted what appears to be her initial complaint to OSC, it does not detail her alleged disclosures. IAF, Tab 3 at 11-15. The record does, however, include notes dated April 2010 to January 2012, which the appellant reportedly provided to OSC in concert with her complaint. IAF, Tab 36, Subtab C; ID at 5. Many of those notes detail interpersonal conflicts she had with coworkers in the SPS department, and some suggest that she may have raised these and other issues with managers. IAF, Tab 36, Subtab C. The record next includes OSC's preliminary determination letter, which described the alleged disclosures before it as follows:

> [Y]ou reported to [the SPS manager] that medical equipment was not being thoroughly cleaned, employees were not wearing the appropriate personal protective equipment, dental hand pieces were not being properly sanitized, crash carts were not being stocked with respiratory equipment, and other issues.

IAF, Tab 11 at 6. Through her representative, the appellant responded to this preliminary determination letter from OSC, asserting that her disclosures began in 2010 and were ongoing. *Id.* at 8. She further alleged that her disclosures were protected because they identified a "significant adverse effect on public health and safety." *Id.* at 9. In addition, she asserted that while OSC's letter referred only to disclosures to the SPS manager, the OSC and an inspector general "were also made aware." *Id.* at 8. OSC's subsequent closeout letter does not further describe the appellant's disclosures, except to conclude that while she did make disclosures to OSC and an inspector general, those disclosures occurred after her removal. *Id.* at 4; IAF, Tab 26 at 45-48.

---

liabilities, and duties under the WPEA when it took, or failed to take, the personnel actions. *See Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 50-51. On remand, the administrative judge should apply the law as appropriate to each personnel action.

¶9      In concert with this IRA appeal, the appellant has described her disclosures in a number of ways. For example, in her initial pleading, she described her disclosures as ones of "gross safety and health violations having significant effect on public health and safety." IAF, Tab 1 at 6. Later, she described her disclosures as concerning "coworkers' non-adherence to proper safety and health procedures." IAF, Tab 16 at 5. In yet another pleading, in which she responded to an agency interrogatory asking that she identify and detail each disclosure, the appellant presented somewhat different allegations, as follows:

> Informed [her SPS manager and four other individuals at her medical center] of problems in SPS such as black employees playing the radio loudly on a racially biased station and not allowing anyone to change the channel, loudly goldbricking, talking on the phone while they were supposed to be working[,] their failure to use personal protective equipment, improper sterilization techniques, non attendance [sic] to proper cleaning techniques, leaving the work site for hours on end, leaving complainant to take up the slack.

IAF, Tab 26 at 11-12, 33-34.[5]

¶10     The record is similarly unclear regarding the personnel actions properly before us. OSC's preliminary determination and closeout letters identify the appellant's removal and an alleged hostile work environment. IAF, Tab 11 at 4-7. However, the appellant's interim response also may implicate other matters, including an alleged failure to accommodate, retain, restore, transfer, or reassign her. *Id*. at 15.

¶11     In the pleadings submitted throughout this IRA appeal, the appellant initially referred to a hostile work environment, removal, and refusal to accommodate or transfer. IAF, Tab 1 at 6. She later responded to the agency's

---

[5] It does not appear that the appellant alleged below that she was retaliated against for protected activity. *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶¶ 5-7 (2015) (discussing the WPEA's expansion of the grounds upon which an IRA appeal may be filed to include protected activity); ID at 10-11. However, if she raised these issues below or asserts them on remand, the administrative judge should adjudicate them consistent with this order.

motion to dismiss by alleging that her disclosures were a contributing factor in her removal, while also referring to reasonable accommodation, generally. IAF, Tab 16 at 4-5.

¶12 The administrative judge issued an order finding that the Board had jurisdiction over the instant appeal. IAF, Tab 9 at 1. However, she did not identify the alleged disclosures and personnel actions that the appellant proved she exhausted with OSC. She identified the personnel action at issue as the appellant's removal, but did not identify the alleged protected disclosures, mention any other alleged personnel actions, or make findings as to whether the appellant's allegations were nonfrivolous. *Id.* at 1, 3. The initial decision provides little clarity on these matters. ID at 10-13. For example, the administrative judge reversed the appellant's removal because she found that the appellant's absence was caused by her coworkers' retaliatory harassment. ID at 10-13 & n.3. Yet, there is no finding that the Board has jurisdiction over this alleged harassment. ID at 2.

¶13 An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Because the administrative judge failed to identify and fully analyze each of the appellant's alleged disclosures and personnel actions, we must remand this appeal. *See, e.g.*, *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 14 (2015) (remanding for an administrative judge to identify and analyze each of the appellant's alleged disclosures).

¶14 On remand, the administrative judge should issue an order directing the appellant to identify each disclosure and personnel action at issue in this appeal. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (cautioning that an appellant who fails to articulate his claims with reasonable

clarity and precision risks being found to have failed to meet his burden). The order should direct the appellant to identify the nature of the disclosure or action, when it occurred, and the individuals involved. The order also should direct the appellant to prove she has met the requirements of exhaustion. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Chambers*, 2022 MSPB 8, ¶¶ 10-11. However, an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC. An appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.*

¶15    In advising the appellant of her burden, the administrative judge should include the standard for establishing a harassment claim articulated in *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 14-16. As we explained in *Skarada*, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action under the Whistleblower Protection Act. *Id.*

¶16    The administrative judge should then make jurisdictional determinations, specifically identifying those disclosures and personnel actions that are within the Board's jurisdiction. *See Keefer*, 92 M.S.P.R. 476, ¶ 16 (remanding for further adjudication when the administrative judge failed to specify which allegations of protected disclosures and personnel actions he found were nonfrivolous and whether the appellants exhausted their OSC remedy with respect to those disclosures and actions).

<u>For any alleged disclosures and personnel actions the administrative judge finds to be within the Board's jurisdiction, she must provide a complete analysis on the merits.</u>

¶17      After establishing the Board's jurisdiction in an IRA appeal, an appellant bears the burden of establishing a prima facie case of whistleblower retaliation by proving by preponderant evidence that she made a protected disclosure that was a contributing factor in a personnel action taken against her.  5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012).  If an appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(1)-(2); *Mattil*, 118 M.S.P.R. 662, ¶ 11.

¶18      In determining whether an agency has met this burden, the Board will consider the following factors ("*Carr* factors"):  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[6]  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole.  *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015).

---

[6] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).

¶19    Although the administrative judge found that the appellant met her burden of establishing a prima facie case of whistleblower reprisal, generally, she improperly did so in summary fashion.  ID at 10-11.  The administrative judge did not, for example, specify which disclosures were protected, delineate the category of protected disclosure, or explain how the appellant met her burden.  *Id.*; *see* 5 U.S.C. § 2302(b)(8) (providing that a disclosure is protected if an individual reasonably believes that it evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety).  She also failed to adequately explain the contributing factor element.  She concluded that the appellant proved this element through the knowledge/timing test, at least with respect to her removal.  *See* ID at 10-11.  However, in doing so, she found that the deciding official knew that the appellant previously had complained to her SPS manager, generally; the administrative judge did not, for example, specify whether the deciding official's knowledge of complaints included knowledge of protected disclosures.  *Id.*

¶20    On remand, if the administrative judge finds jurisdiction, then she must explain in her remand initial decision how the appellant met, or did not meet, her burden to prove her prima facie case.

¶21    The administrative judge's findings similarly lack specificity concerning the agency's burden.  ID at 11-12.  For the first *Carr* factor, i.e., the strength of the agency's evidence in support of its action, the administrative judge seemed to rely entirely on a finding that, as to the appellant's removal, the deciding official altogether failed to consider the connection between her absence and hostility she reportedly faced from coworkers.  ID at 12.  She did so without explanation or citation and despite evidence to the contrary, including the agency's notes from the appellant's oral reply, the appellant's written reply, and the deciding official's detailed penalty analysis.  ID at 9; IAF, Tab 18 at 24-28.

¶22      For the second *Carr* factor, i.e., the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, the administrative judge found that the proposing and deciding officials had no motive to retaliate because the disclosures did not negatively reflect on them. ID at 12. The administrative judge should consider the motive of the agency generally, not merely the motive of the individual managers. *Wilson v Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65 (addressing the second *Carr* factor to find that the appellant's disclosures generally put higher-level management officials in a critical light by disclosing problems for which they were responsible); *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29 (addressing the second *Carr* factor to find that the misconduct the appellant disclosed was egregious and generated negative publicity, thereby reflecting poorly on the agency's general institutional interests). Moreover, she did not fully discuss other considerations, such as whether any other individual that did have a motive to retaliate influenced their decisions. ID at 12. Nevertheless, the alleged harassment by the appellant's coworkers cannot shield her from the consequences of her misconduct, and the administrative judge erred to the extent that she inferred retaliatory motive from the agency's failure to take this alleged harassment into account to mitigate the penalty of removal. ID at 11-12; *see Carr*, 185 F.3d at 1324, 1326 (declining to consider the allegedly false reports of misconduct by an employee's coworkers, who were subjects of her disclosures, in weighing the motive to retaliate on the part of the officials who removed her).

¶23      For the third *Carr* factor, i.e., any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated, the administrative judge recognized that the agency had removed other employees for excessive absences. ID at 12. However, she seems to altogether dismiss this evidence, rather than account for any differences, because those instances did not involve an alleged hostile work environment. *Id.*; *cf. Mattil v. Department of State*, 118 M.S.P.R. 662, 675 (2012). To the

extent that the agency has not accounted for the differences in the kinds and degrees of conduct and otherwise explained the context of its comparator evidence, it is taking a risk in failing to provide such information. The Board has previously adopted the reasoning of the U.S. Court of Appeals for the Federal Circuit that "the failure to produce such evidence if it exists 'may be at the agency's peril,' and 'may well cause the agency to fail to prove its case overall.'" *Smith*, 2022 MSPB 4, ¶ 30 (quoting *Whitmore*, 680 F.3d at 1374).

¶24    On remand, if the administrative judge again finds that the appellant met her burden of establishing a prima facie case of whistleblower reprisal, the remand initial decision must provide complete findings regarding the agency's burden. *Spithaler*, 1 M.S.P.R. at 589.

**ORDER**

¶25    For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order. To the extent necessary, the administrative judge should permit the parties to supplement the record with additional argument, evidence, and testimony before issuing a new decision.

FOR THE BOARD:                    /s/ for

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.